**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KATHRYN EHRIG** | ) <br> ) <br> )  **Civil Action No.** |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| **CENTRAL CREDIT SERVICES, INC.** | ) <br> ) |
| Defendant. | ) <br> ) |

## COMPLAINT

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, et seq., and other common law claims. The laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4.  Plaintiff Kathryn Ehrig an adult individual residing at 46 Twyford Lane, Manchester, New Jersey 08759.

5.  Defendant Central Credit Services, Inc. is a business entity with a principal office located at 7117a Frankford Avenue, Philadelphia, Pennsylvania 19135. The principal purpose of

Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired to collect a debt relating to a debt that does not belong to Plaintiff (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. In or around September 2008, Defendant began contacting Plaintiff by telephone. Plaintiff received telephone calls from Defendant almost every day, in many instances multiple times per day, and in some instances as many as six times in one day.

9. By way of example, on April 5, 2009, Plaintiff was contacted by Defendant at 8:51 A.M. On April 6, 2009, Plaintiff was contacted by Defendant at 8:23 P.M. On April 9, 2009, Plaintiff was contacted by Defendant at 9:16 A.M., 9:28 A.M and 4:19 P.M.  On April 10, 2009, Plaintiff was contacted by Defendant at 2:30 P.M. On April 11, 2009, Plaintiff was contacted by Defendant at 9:20 A.M.

10. Defendant further called Plaintiff's home telephone number on these occasions using artificial and/or prerecorded voice technology.

11. Each time Defendant called, the call would be automatically terminated when Plaintiff attempted to pick up the call or a pre-recorded message was left.  For example, Plaintiff recalls an automated message to the effect, " Hello, this message is for Mrs. Ehrig, please contact us . . . we would like to get this all over with."

12. Furthermore, when Plaintiff attempted to return these calls the call would not be answered or Plaintiff would be left on hold indefinitely.

13. Defendant also contacted Plaintiff's eldest son in or around September 2008. Her son estimates that he received approximately twenty-five telephone calls from Defendant since that time. Defendant's representatives further refused to identified himself or herself when asked during these communications.

14. Defendant also contacted Plaintiff's younger son in or around September 2008. Her son instructed Defendant not to call again him again. Notwithstanding the foregoing instructions, Defendant contacted her son at least one additional time thereafter.

15. Defendant also contacted Plaintiff's daughter-in-law (Plaintiff's eldest son's wife) in or around September 2008. Her daughter-in-law estimates that she received approximately ten cellular telephone calls from Defendant since that time. Defendant's representatives further refused to identified himself or herself when asked during these communications. Defendant further made approximately half of these calls using artificial and/or prerecorded voice technology.

16. Defendant also contacted Plaintiff's granddaughter (Plaintiff's eldest son's daughter) in or around September 2008. Her granddaughter estimates that she received approximately fifteen cellular telephone calls from Defendant since that time. Defendant's representatives further refused to identified himself or herself when asked during these communications. Defendant further made approximately half of these calls using artificial and/or prerecorded voice technology.

17. Defendant acted in a false, deceptive, misleading and unfair manner by communicating in connection with the collection of a debt with persons other than the debtor for purposes other than location information.

18. Defendant acted in a false, deceptive, misleading and unfair manner by contacting non-debtors on more than one occasion.

19. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing character, amount or legal status of the debt.

20. Defendant acted in a false, deceptive, misleading and unfair manner by contacting Plaintiff with the intent to annoy and harass Plaintiff and her family members.

21. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

22. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## **COUNT I - VIOLATIONS OF THE FDCPA**

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

28. The above contacts between Defendant and Plaintiff and her family members were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

29. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(a)(1), 1692c(b), 1692d(5), 1692e, 1692e(2)(A), 1692e(10) and 1692f as evidenced by the following conduct:

- (a) Failing to identify itself when communicating with persons other than the debtor;
- (b) Communicating with persons other than the debtor for purposes other than location information;
- (c) Communicating with persons other than the debtor on more than one occasion;
- (d) Communicating in connection with the collection of a debt with persons other than the debtor;
- (e) Falsely representing the amount, character and legal status of the debt;
- (f) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

(g) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and

(h) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

30. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II - VIOLATIONS OF THE TCPA

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. At all time relevant hereto, Defendant used, controlled and/or operated "automatic telephone dialing systems" as defined by § 227(a)(1) of the TCPA.

34. Defendant initiated numerous telephone calls to Plaintiff's home phone and the phones of her family using artificial and or prerecorded voices to deliver messages without the express consent of Plaintiff or other family members in violation of 47 U.S.C. §§ 227(b)(1)(A)(iii) of the TCPA, and likewise failed at the beginning of the communication to state clearly their register name identity in violation of 47 C.F.R 64.1200(b)(1).

35. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense legal justification or legal excuse.

36. As a result of the above violations of the TCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and treble damages.

## COUNT III - INVASION OF PRIVACY / INTRUSION UPON SECLUSION

37. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38. Defendant invaded the privacy of Plaintiff by unreasonably intruding upon her seclusion by calling her home telephone and the home and cellular telephones of her family in relation to the debt that Plaintiff did not owe to Defendant.

39. Defendant intentionally intruded, physically or otherwise, upon the solitude and/or seclusion of Plaintiff or Plaintiff's private affairs or concerns in a manner which was highly offensive to Plaintiff and other reasonable persons if same should be in similar positions.

40. Defendant's intentional intrusions, physical or otherwise, upon the solitude and/or seclusion of the Plaintiff were substantial and highly offensive.

41. As a direct and proximate cause of the telephone calls that that harassed, annoyed and abused Plaintiff, Defendant disturbed the peace and tranquility of Plaintiff's home, invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion, was a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

42. Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    (a)    actual damages;

    (b)    statutory damages;

    (c)    treble damages;

    (d)    punitive damages;

    (e)    costs and reasonable attorney's fees; and

    (f)    other and further relief as may be just and proper.

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**

BY:    */s/ Mark D. Mailman*
        MARK D. MAILMAN, ESQUIRE
        JOHN SOUMILAS, ESQUIRE
        GREGORY J. GORSKI, ESQUIRE
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

        Attorneys for Plaintiff

DATE:  May 22, 2009